**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

**In re:**

**ALAN B. STONE,**                                                             Case No. 18-14164-KHK

      **Debtor.**                                                                  Chapter No. 7

**BRANCH BANKING & TRUST COMPANY,**

      **Plaintiff,**

**v.**

**ALAN B. STONE**
**and KEVIN R. McCARTHY, Trustee,**

      **Defendants.**

**MOTION FOR RELIEF FROM STAY**
**AND NOTICE OF MOTION AND HEARING THEREOF**

The Motion of Branch Banking & Trust Company ("Plaintiff") respectfully represents:

1. On December 13, 2018, an Order for Relief was entered in this case upon the filing of a Petition in this Court by the Debtor.

2. Kevin R. McCarthy was appointed Trustee of the property of Debtor and is qualified now and acting as Trustee. The filing of said petition acts as a stay against collection proceedings by Plaintiff against Defendants pursuant to 11 U.S.C. § 362.

3. At the time of the filing of the Petition in Bankruptcy herein, the Debtor and Myung Seon Stone owned the following real property located at 123 Wateredge Lane, Fredericksburg, Virginia ("Real Property"), which real property is more accurately described as follows:

> Lot 46, WATERDGE ESTATES, Section II, as the same appears
> duly dedicated, platted and recorded in Deed Book 792 at
> Page 766, and Plat Book 21, at Page 273, among the land records
> of Stafford County, Virginia

**Deborah S. Kirkpatrick, Esq.**
VSB #32987
P.O. Box 10275
Va. Beach, VA 23450-0275
Ph: (757) 233-0281
**Counsel for Branch Banking and Trust Company**

4. Plaintiff is the holder of a Note dated January 29, 2015 in the original principal amount of $532,350.00 ("Note").

5. The Note is secured by a lien on the Real Property pursuant to a Deed of Trust recorded in the Stafford County Circuit Court Clerk's Office ("Deed of Trust").

6. A copy of the Proof of Claim filed by Plaintiff is attached hereto along with a copy of the Note and Deed of Trust.

7. The Note had a payoff of $506,591.09 as of March 4, 2019, which figure is exclusive of attorney's fees and costs.

8. Payments are contractually past due under the Note in the amount of $18,411.94.

9. Pursuant to the Debtor's Statement of Intention, the Debtor has stated that he intends to surrender the Real Property to Plaintiff.

10. The Debtor's Chapter 7 Schedules list the Real Property with an approximate value of $542,100.00.

11. There appears to be minimal if any equity in the Real Property for the benefit of the Debtor or the Debtor's estate.

12. The Debtor is unable to afford adequate protection due Plaintiff, and neither he nor his estate has grounds to resist the entry of an Order terminating the stay aforesaid.

13. Cause exists to terminate the stay aforesaid.

14. Plaintiff is being injured by its inability to proceed against the Real Property securing the indebtedness due to the automatic stay provided for in 11 U.S.C. § 362.

WHEREFORE, Plaintiff moves that the automatic stay provided for by the provisions of Title 11 of the United States Code be modified in conformance therewith, that the provisions of Bankruptcy Rule 4001(a)(3) be waived, and that it be granted such other and further relief as this Court shall deem proper.

## *NOTICE*

*Your rights may be affected.* *You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)*

*If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before fourteen (14) days after service of this Motion, you or your attorney must file a written response explaining your position with the Court at the following address: 200 S. Washington St., 3rd Fl., Alexandria, VA 22314, and serve a copy on the movant. Unless a written response is filed and served within this fourteen (14) day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.*

*If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fourteen (14) day period.*

*Attend the preliminary hearing scheduled to be held on: April 3, 2019, at 9:30 a.m. in Courtroom III, in Judge Kindred's Courtroom, United States Bankruptcy Court, 200 S. Washington St., Alexandria, VA.*

**DATED** this 6th day of March, 2019.

**BRANCH BANKING AND TRUST COMPANY**

By:         /s/ Deborah S. Kirkpatrick
                    Of Counsel

Deborah S. Kirkpatrick, Esq.
Virginia State Bar No. 32987
Post Office Box 10275
Virginia Beach, VA  23450-0275
Ph:  (757) 233-0281
Email: debbie@kirkpatrickpc.com

**PROOF OF SERVICE**

    I hereby certify that a true copy of the foregoing Motion for Relief from Stay and Notice of Motion and Hearing was served electronically via CM/ECF this 7[h] day of March, 2019 on Counsel for the Debtor, Martin C. Conway, Esq., 12934 Harbor Dr., Suite 107, Woodbridge, VA 22192; the Chapter 7 Trustee, Kevin R. McCarthy, 508 Rehoboth Ct., Vienna, VA 22182; and mailed via first class mail, postage prepaid to the Debtor, Alan B. Stone, 123 Wateredge Ln., Fredericksburg, VA 22406.

                                      /s/ Deborah S. Kirkpatrick